UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LEVY ROBINSON,

                Petitioner,

– against –

THOMAS MCGUINNESS,

                Respondent.

**NOT FOR PUBLICATION**

**MEMORANDUM & ORDER**

23-cv-4071 (ERK)

Korman, *J.*:

Levy Robinson petitions *pro se* for a writ of habeas corpus under 28 U.S.C. § 2254. On a January night in 2012, Robinson and two others burglarized a family home, during which they restrained the family with zip ties, pistol-whipped the father, threatened the life of a three-year old child, and tried to leave with money and jewelry. Resp. Aff. at ¶¶ 5–6, ECF No. 7. Police arrived while the burglary was happening. *Id*. ¶ 6. One of the burglars began a shootout with the officers, which ended when he shot himself in the head. *Id*. The officers found Robinson hiding in a bedroom and arrested him after a brief resistance. *Id*. Robinson was charged with twenty-five counts, including robbery, burglary, assault, weapons possession, resisting arrest, false imprisonment, and endangerment of children. *Id*. ¶ 7.

A jury convicted Robinson of all twenty-five counts after trial. *Id*. ¶ 8. The evidence of his guilt included the testimony of thirty-four witnesses, including the

1

victim family and arresting officers, a ski mask containing Robinson's DNA left at the crime scene, the victims' possessions found on him at the time of his arrest, and his videotaped and written confessions to planning and participating in the crime. ECF No. 7-15 at 28–32.

Robinson was sentenced to fifty-five years as a repeat felony offender based on a 1991 drug distribution conviction, of which twenty-five years encompassed concurrent sentences for the burglary, assault, resisting, and endangerment counts, and thirty included two consecutive fifteen-year sentences for the gun possession counts. Resp. Aff. at ¶ 12.

On Robinson's direct appeal, ECF No. 7-14, the Appellate Division affirmed his conviction but reduced his sentence in the interests of justice, *People v. Robinson*, 200 A.D.3d 908, 912 (2d Dept. 2021). The Court of Appeals denied review. ECF No. 7-20. While the direct appeal was pending, Robinson also moved *pro se* under New York Criminal Procedure Law (CPL) § 440.20 to set aside his sentence on the grounds that, as relevant here, he was incorrectly sentenced as repeat offender and his counsel was ineffective for not challenging that designation. ECF No. 7-21. The motion court rejected each of these arguments without a hearing and the Appellate Division denied leave to appeal, as did the Court of Appeals. ECF Nos. 27, 30.

Robinson now seeks habeas relief, arguing that (1) he was incorrectly sentenced as a repeat felony offender, violating his due process rights; (2) his counsel was ineffective at sentencing for failing to challenge the recidivist designation and for not consulting with him about this issue; (3) the motion court violated his due process rights by denying him of a hearing on his motion to set aside sentence; (4) the trial court violated his right to a fair jury trial by not providing the jury with written instructions; and (5) the trial court deprived him of a fair trial and due process under *People v. Sandoval*, 314 N.E.2d 413 (N.Y. 1974), by allowing the prosecutor to cross-examine him about prior offenses.  ECF No. 1.

## DISCUSSION

### I.    Standard of Review

A federal district court may "entertain an application for a writ of habeas corpus [on] behalf of a person in custody pursuant to the judgment of a [s]tate court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) ("[F]ederal habeas corpus relief does not lie for errors of state law"). Habeas review of a state court merits adjudication is narrowly circumscribed under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which allows the writ to issue only when the adjudication

3

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1); *see also Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir. 2010).  A legal principle must be embodied in the holdings of Supreme Court precedent to be "clearly established," *Williams v. Taylor*, 529 U.S. 362, 412 (2000), and a decision is only "contrary to" or an "unreasonable application" of Supreme Court precedent if it arrives at an opposite conclusion on a legal question, is decided differently under materially indistinguishable facts, or it identifies the correct principle but unreasonably applies it.  *Portalatin*, 624 F.3d at 79.  State court factual findings are "presumed to be correct," and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

## II.     Robinson's First and Third Claims are Not Cognizable.

Robinson's first claim based on his designation as a repeat felony offender is not cognizable because "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions," *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991), and "[w]hether a New York court erred in applying a New York recidivist sentencing enhancement statute is a question of New York State law," *Saracina v. Artus*, 452 F. Appx. 44, 46 (2d Cir. 2011) (rejecting a similar claim); *see*

4

*also Walker v. Lilley*, No. 21-CV-7217, 2024 WL 3755282, at *6 (E.D.N.Y. Aug. 12, 2024) (same); *Albritton v. Comm'r, N.Y. Dep't of Corr. Servs.*, No. 11–CV–3482, 2013 WL 4500736, at *7 (E.D.N.Y. Aug. 20, 2013) (same).

Robinson cites to *Peyton v. Rowe*, 391 U.S. 54 (1968), and *McGinnis v. United States ex rel. Pollack*, 452 F.2d 833 (2d Cir. 1971), to argue that a habeas petition is a viable method to shorten a sentence imposed under state law. Pet. Rep. Br. at 5–6, ECF No. 10. Those cases are inapposite. *Rowe* held that a future custodial term consecutive to a then-ongoing term satisfies the "custody" requirement. 391 U.S. at 55, 67. *McGinnis* affirmed a decision holding that the New York bail system was economically discriminatory under the Fourteenth Amendment and thus ordered a sentence to be shortened. 452 F.2d at 836; *United States ex rel. Pollack v. McGinnis*, 337 F. Supp. 1220 (S.D.N.Y. 1971). So, while a successful habeas petition can shorten a future period of state confinement, it cannot do so without showing that the future confinement creates an issue of federal law. And a state court's alleged misinterpretation of a state recidivism statute does not create a federal due process issue that a federal court may review on a habeas petition.

Robinson's claim that the motion court denied him due process by denying him of a hearing on his motion to vacate sentence is also not cognizable here. Because the Constitution does not compel states to provide avenues for collateral post-conviction review, *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402

5

(2001) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987)), "alleged errors in a postconviction proceeding are not grounds for § 2254 review," *Word v. Lord*, 648 F.3d 129, 132 (2d Cir. 2011); *see also Khan v. Capra*, No. 19-CV-533, 2020 WL 6581855, at *8 (E.D.N.Y. Nov. 10, 2020) (holding that a petitioner's "claim that he was deprived due process when the trial court denied his CPL § 440 motion without a hearing is not cognizable under federal habeas review.").

### III. Robinson's Fourth and Fifth Claims Sound in State Evidentiary Law and Do Not Establish a Constitutional Violation.

Robinson's fourth and fifth claims allege violations of state evidentiary law, which would typically also not be cognizable. *Martinez v. Lilley*, No. 21-CV-6912, 2024 WL 3498523, at *10 (E.D.N.Y. July 22, 2024) ("[A] claim premised on a violation of New York Criminal Procedure Law Section 310.30 does not allege a violation of a federally protected right."); *Lewis v. New York*, No. 14-CV-3906, 2017 WL 5591624, at *8 (E.D.N.Y. Nov. 17, 2017) (*Sandoval* claim sounds in state law). Robinson circumvents that rule by arguing that the trial court violated New York law regarding jury instructions and prior conviction evidence and thus violated his federal constitutional rights to due process and a fair trial. And federal courts will "review an [alleged] error of state evidentiary law to assess whether the error deprived the petitioner of his due process right to a fundamentally fair trial." *Freeman v. Kadien*, 684 F.3d 30, 35 (2d Cir. 2012).

As the Second Department explained on Robinson's direct appeal, his claim that the trial court erred by not giving the jury written instructions is incorrect under New York law. *Robinson*, 200 A.D.3d at 912. CPL § 310.30 does not require trial courts to give juries written instructions, only copies of statutory text, and only if each party consents. *Id.* At issue here were instructions, not a statute, and the prosecution did not consent. Petitioner's fourth claim does not allege an error of New York evidentiary law. Moreover, it follows from CPL § 310.30 that the Constitution does not require written jury instructions, and as explained below, the prosecution's evidence so overwhelmingly established Petitioner's guilt such that an evidentiary error, even if he could clearly establish one, is unlikely to have undermined the fairness of the trial and conviction.

Similarly unavailing is Petitioner's claim premised on the trial court's alleged violation of *People v. Sandoval*, 314 N.E.2d 413 (N.Y. 1974). Robinson testified and is therefore entitled to review of this claim. *Melendez v. LaValley*, 942 F. Supp. 2d 419, 424 (S.D.N.Y. 2013). Nonetheless, the claim fails because any cross-examination regarding his prior convictions had little bearing on the jury's verdict in light of the utterly overwhelming evidence of his guilt in this case. *See Marino v. Superintendent, Franklin Corr. Facility*, No. 17-CV-1650, 2019 WL 1232088, at *10 (E.D.N.Y. Mar. 15, 2019). Indeed, given that Petitioner was arrested in the victims' home with their belongings on his person and soon after admitted his role in planning

7

and attempting the crime, it is extremely unlikely that his prior convictions, which are typically used as character or propensity evidence, influenced the jury to reach a guilty verdict it otherwise would not have reached. *Id.*; *see also Lewis*, 2017 WL 5591624, at *8 ("Unless the erroneously admitted evidence was the fulcrum that provided the basis for conviction or removed a reasonable doubt that would otherwise be present, there is no constitutional violation that would warrant federal habeas relief."). The same is true of the lack of written instructions. Petitioner received due process and a fair trial, and these two claims therefore fail.

**IV.    Petitioner's Ineffective Assistance Claim Fails.**

An attorney renders constitutionally ineffective assistance if (1) his performance was deficient, and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "To establish deficient performance, a person challenging a conviction must show that 'counsel's representation fell below an objective standard of reasonableness.'" *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (quoting *Strickland*, 466 U.S. at 688). "Constitutionally effective counsel embraces a 'wide range of professionally competent assistance,' and 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Greiner v. Wells*, 417 F.3d 305, 319 (2d Cir. 2005) (quoting *Strickland*, 466 U.S. at 690). To show prejudice, a petitioner "must show that there

8

is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The "highly deferential *Strickland* standard is made doubly so on habeas review, as AEDPA requires deference to the state court's ruling." *Bogan v. Brandt*, No. 11-CV-1550, 2017 WL 2913465, at *9 (E.D.N.Y. July 6, 2017).

To satisfy the *Strickland* standard here, Robinson must show that his trial counsel's decision to not challenge the repeat felony offender designation was objectively unreasonable, that such a challenge could have succeeded, and, considering AEDPA deference, that the state court's decision otherwise is "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. Robinson argues that he was not given sufficient notice of the repeat offender designation, the form notice he did receive improperly omitted required information, his 1991 drug conviction did not constitute a predicate offense under CPL § 400.21, and his incarceration on that conviction did not toll CPL § 400.21. He claims that his counsel was ineffective for not pursuing any of the above-described challenges to the repeat offender designation, and for not informing him of it prior to sentencing.

Passing over procedural issues, this claim lacks merit. An attorney does not act unreasonably by declining make a legal argument that has no chance of success.

9

*United States v. Caputo*, 808 F.2d 963, 967 (1987). Any hypothetical challenge to Robinson being designated a repeat offender would have failed. As the § 440 court cogently explained, each of Robinson's contentions regarding the CPL § 400.21 procedure is incorrect. ECF No. 7-24 at 6–8. There is little to add to that court's conclusions. Robinson was given sufficient pre-sentence notice, his prior conviction was a predicate offense under Penal Law § 70.06(1)(b)(i), and the ten-year window for designating an offender a repeat felon based on a prior conviction was properly tolled pursuant to Penal Law § 70.06(1)(b)(v) during his prior periods of incarceration. *Id.* And, as the § 440 court made clear, the legislative purpose of the statutory framework that labels individuals repeat offenders was satisfied here, so Robinson's technical arguments about the form of the repeat offender paperwork would not warrant the relief he seeks. *Id.* at 7–8. His ineffective assistance of counsel claim is denied.

## CONCLUSION

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied. A certificate of appealability will not issue, as Robinson has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Middleton v. Att'ys Gen.*, 396 F.3d 207, 209 (2d Cir. 2005).

                                                           **SO ORDERED.**

Brooklyn, New York                                              *Edward R. Korman*

September 8, 2025                                         Edward R. Korman

                                                                             United States District Judge